UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-45 |
| | ) | (PHILLIPS/SHIRLEY) |
| WALTER MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

   All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The defendant personally appeared before the undersigned on June 13, 2005, for a hearing on his *pro se* letter [Doc. 11] of May 18, 2005. The defendant requests that the Court dismiss his appointed counsel, Assistant Federal Community Defender Paula Voss, and appoint new counsel due to Voss's failure to communicate with him sufficiently. Attorney Voss appeared on behalf of the defendant along with CJA training panelist Attorney Aubrey L. Davis. The government, represented by Assistant United States Attorney Tracee Plowell who appeared for Assistant United States Attorney Steven H. Cook, had no objection to Ms. Voss's withdrawal or to the Court appointing new counsel for the defendant.

   The Court conducted a sealed, *ex parte* hearing with the defendant and Ms. Voss in order to determine the extent of any conflict between them. Without going into the confidential and private nature of that discussion, the Court concluded that good cause exists to

1

allow Ms. Voss to withdraw and to appoint new counsel for the defendant. The Court found that the trust necessary for an adequate defense no longer existed in the attorney-client relationship and that the situation was unlikely to improve.

For the reasons more fully discussed in the hearing, the Court finds that good cause exists to grant the defendant's *pro se* motion to substitute counsel [**Doc. 11**], the same is **GRANTED**, and Ms. Voss is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Attorney Les Hunt was not present in the courtroom but has agreed to accept representation of the defendant. The defendant agreed to Mr. Hunt's representation and to Mr. Davis remaining on the case. The Court substitutes and appoints Mr. Hunt for Ms. Voss under the Civil Justice Act (CJA) as counsel of record for the defendant. The Court has reset the suppression hearing in this case to **June 30, 2005, at 1:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge